# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD DARVILLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6441** |
| **TIDEWATER MARINE SERVICE, INC., et al.** | **SECTION:  G(1)** |

## ORDER

In this litigation, Plaintiff Harold Darville ("Plaintiff") alleges that he was injured when upon disembarking the M/V KEN C. TAMBLYN, a portion of the gangway attached to the vessel fell down to the dock, causing Plaintiff to fall with it.[1] Pending before the Court is Plaintiff's "Motion to Remand."[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part and deny it in part.

## I. Background

Plaintiff alleges that on or about November 12, 2014, he arrived at the M/V KEN C. TAMBLYN to provide roto rooter services while the vessel was located at the Martin Fuel Dock in Fourchon, Louisiana.[3] Plaintiff alleges that on that day, while disembarking the vessel, a portion of the gangway attached to the vessel suddenly and unexpectedly slid out and fell down

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 6.

[3] Rec. Doc. 1-1 at 2.

to the dock, causing Plaintiff to fall with it.[4] Plaintiff alleges that he suffered serious bodily injuries as a result.[5]

Plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans against Defendants Tidewater Marine, LLC, BBVA Compass Financial Group, and Express Weld, LLC (collectively "Defendants") on October 28, 2015.[6] Defendants removed the case to this Court on December 2, 2015.[7] Plaintiff filed the instant motion on December 29, 2015.[8] Defendants Tidewater Marine, LLC and BBVA Compass Financial Group together filed an opposition on January 12, 2016.[9] Defendant Express Weld, LLC also filed an opposition on January 12, 2016, adopting the arguments made in Tidewater Marine, LLC and BBVA Compass Financial Group's opposition.[10]

## II. Parties' Arguments

### B.   *Plaintiff's Arguments in Support of Remand*

Plaintiff asserts that the Court lacks jurisdiction over this case and that the amendments to the removal statutes do not apply to maritime claims brought pursuant to 28 U.S.C. § 1333, rather only to claims "arising under the Constitution, laws, treaties of the United States (within

---

[4] *Id.*

[5] *Id.* at 3.

[6] Rec. Doc. 1-1.

[7] Rec. Doc. 1.

[8] Rec. Doc. 6.

[9] Rec. Doc. 8.

[10] Rec. Doc. 9.

2

the meaning of section 1331 . . . ).”[11] Therefore, Plaintiff contends that the matter should be remanded and attorney's fees and costs should be assessed against Defendants.[12]

Plaintiff contends that although the court in *Ryan v. Hercules Offshore, Inc.*, a Southern District of Texas case, held that the 2011 amendments to the removal statute operated to render general maritime law claims brought in state court removable, “this notion ignores prior precedent on admiralty removal jurisdiction.”[13] Plaintiff asserts that the Fifth Circuit in *Barker v. Hercules Offshore, Inc.* reaffirmed that maritime claims are not removable in the absence of a basis of original federal jurisdiction other than admiralty.[14] Plaintiff contends that the reasoning of *Barker* was followed in *Gregoire v. Enterprise Marine Services, LLC*, where the court held that general maritime claims are not now removable, following the 2011 amendment to the removal statute, without an independent basis of jurisdiction other than 28 U.S.C. § 1333.[15]

Plaintiff asserts that Tidewater cannot demonstrate that there is complete diversity in this matter as Tidewater and Express Weld are Louisiana limited liability companies and Plaintiff is a Louisiana resident.[16] Furthermore, Plaintiff contends that there is no other federal statute in play, therefore, there are no claims that fall within the Court's federal jurisdiction under 28 U.S.C. §

---

[11] Rec. Doc. 6-1 at 2 (citing 28 U.S.C. § 1441(c)(A)).

[12] *Id.*

[13] *Id.* (citing 945 F. Supp. 2d 772 (S.D. Tex. 2013)).

[14] *Id.* at 2–3 (citing 713 F.3d 208 (5th Cir. 2013)).

[15] *Id.* at 3 (citing 38 F. Supp. 3d 749, 754 (E.D. La. Aug. 6, 2014) (Duval, J.)). Plaintiff asserts that this was a Fifth Circuit case; however, as Defendants point out, *Gregoire* was actually a case from the Eastern District of Louisiana.

[16] *Id.*

1331 and, as such, the maritime claim is not removable.[17] Plaintiff asserts that the matter must be remanded and costs and expenses, including attorney's fees, should be assessed against Defendants.[18] In support, Plaintiff cites 28 U.S.C. § 1477(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[19]

## C.    *Defendants' Arguments in Opposition to Remand*[20]

Defendants assert that the removal statute, as amended in 2011, provides that maritime claims may be removed to federal court and Congress unequivocally confirmed the basis for removal of such claims when it deleted the language from 28 U.S.C. § 1441 "that previously provided the *only bar* to removal on the basis of federal admiralty jurisdiction under Section 1333."[21] Defendants contend that the removal statute now reads "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[22]

Defendants contend that the Court has original jurisdiction over this case pursuant to 28

---

[17] *Id.*

[18] *Id.* at 4.

[19] *Id.*

[20] Defendants Tidewater and BBVA filed an opposition to the motion to remand on January 12, 2016. Rec. Doc. 8. On January 12, 2016, Defendant Express Weld, L.L.C. adopted the arguments made in Tidewater and BBVA's opposition as its own. Rec. Doc. 9.

[21] *Id.* at 7.

[22] *Id.* at 6–7 (quoting 28 U.S.C. § 1441(a)).

U.S.C. § 1333.[23] Defendants contend that the savings clause saves non-maritime remedies, but does not guarantee or even provide for a non-federal forum.[24] Defendants contend that the fact that Plaintiff's non-maritime remedies are saved in federal court is apparent as a matter of law and, therefore, the savings clause does not represent a statutory bar to removal of Plaintiff's claims.[25] Defendants assert that it is well recognized that unless there is an express declaration by Congress to the contrary, all types of civil actions over which there is federal and state court original jurisdiction are removable.[26] According to Defendants, the admiralty jurisdiction statute does not contain any express provision barring removal.[27] Defendants contend that although the Supreme Court in *Romero v. International Terminal Operating Co.* and the Fifth Circuit in *In re Dutile* read in a bar to removal within the old removal statute, these decisions did not represent an Act of Congress that would prevent removal of admiralty claims.[28]

Defendant contends that the Supreme Court in *Romero* explicitly acknowledged that its holding that admiralty claims do not "arise under" the Constitution, laws or treaties of the United States was the only bar to removal of admiralty claims because any other reading would render savings clause actions freely removable.[29] Defendant contends that the Fifth Circuit in the case

---

[23] *Id.* at 8.

[24] *Id.*

[25] *Id.* at 8–9.

[26] *Id.* at 9 (citing *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 460 (5th Cir. 1982)).

[27] *Id.* (citing 28 U.S.C. § 1333).

[28] *Id.* at 10 (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959); *In re Dutile*, 935 F.2d 61 (5th Cir. 1991)).

[29] *Id.* at 10–11 (citing 358 U.S. at 371–2).

*In re Dutile* implicitly acknowledged *Romero*'s determination that but for the "arising under" language, pure maritime causes of action would be freely removable.[30] Defendants contend that to read any other basis into the Fifth Circuit's decision is speculative at best and contrary to the Court's explicit reasoning.[31] Defendants argue that the amended version of Section 1441 is clear, unambiguous, and does not lead to absurd results.[32]

Furthermore, Defendants assert that the savings clause does not provide a basis to bar removal and saves common-law remedies to suitors "without discrimination as to any tribunal."[33] Here, Defendants contend that Plaintiff has not identified any common-law remedies that would be lost to Plaintiff if his claims remained in this Court.[34] Defendants argue that no jury trial was requested by Plaintiff in state court and, therefore, there is no jury trial remedy to be lost.[35] Furthermore, Defendants contend that even had Plaintiff requested a jury trial, that right would not have been lost upon removal.[36]

In addition, Defendants argue that the Fifth Circuit has never held that the savings clause prevents removal of maritime claims.[37] First, Defendants contend that in *Barker v. Hercules*

---

[30] *Id.* at 11 (citing 935 F.2d at 62–63).

[31] *Id.* at 11–12.

[32] *Id.* at 13.

[33] *Id.* at 15 (citing Kenneth G. Engerrand, *Removal and Remand of Admiralty Suits*, 21 Tul. Mar. L.J. 383, 388 (1997)).

[34] *Id.*

[35] *Id.* at 17.

[36] *Id.* at 18 (citing Kenneth G. Engerrand, *Admiralty Jury Trials Reconsidered*, 12 Loy. Mar. L.J. 73, 123–24 (2013)).

[37] *Id.* at 19.

*Offshore, Inc.*, the Fifth Circuit allowed the removal of the case on the grounds that it had jurisdiction pursuant to the Outer Continental Shelf Lands Act and therefore any discussion of removal of general maritime cases is dicta.[38] Furthermore, Defendants contend that the court in *Barker* acknowledges the open question regarding whether the savings clause prevents removal and does not attempt to answer it one way or the other.[39] Therefore, Defendants assert that the Supreme Court precedent is the only controlling authority and emphatically stands for the proposition that the savings clause does not guarantee, or in any way provide for, a non-federal forum.[40] In addition, Defendants aver that *Barker*'s analysis was based upon an interpretation of the removal statute before the 2011 amendments took effect.[41]

Defendants conclude that courts have stretched the savings clause beyond both its drafters' intentions and the Supreme Court's explicit statements as to what it means.[42] Defendants contend that "the desire to perpetuate a certain, established way of doing things, when the basis for doing so is not controlling law but merely the desire to avoid change alone, is a motivation proper for the legislature, not the courts."[43] Defendants acknowledge that the decisions in opposition to *Ryan*, although well-reasoned and based upon valid concerns, are not supported by law.[44] Finally, Defendants assert that remanding this case will leave Defendants

---

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.* at 21.

[43] *Id.*

[44] *Id.*

with no recourse since remand is not appealable, whereas denying remand would not prejudice Plaintiff in any way.[45]

In addition, Defendants assert that the law does not entitle Plaintiff to recover attorney's fees, costs and/or expenses.[46] Defendants contend that although 28 U.S.C. § 1447(c) gives courts discretion to determine when attorney's fees and costs can be appropriately awarded to a plaintiff granted remand, the Supreme Court has held that absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.[47] Defendants contend that here, "not only is there an objectively reasonable basis for Defendants' removal, Defendants vehemently contend that removal was proper under revised 28 U.S.C. § 1441, as well as controlling Supreme Court and Fifth Circuit jurisprudence . . . ."[48] Therefore, Defendants argue that even if the Court determines that the case should be remanded to state court, attorney's fees and costs cannot appropriately be awarded to Plaintiff.[49]

### C.    *Plaintiff's Arguments in Further Support of Remand*

In reply, Plaintiff asserts that Defendants rely heavily upon the Southern District of Texas case *Ryan v. Hercules Offshore, Inc.*, where the court held that the 2011 amendments to the

---

[45] *Id.* at 22.

[46] *Id.*

[47] *Id.* at 23.

[48] *Id.*

[49] *Id.* at 24.

removal statute operated to render removable general maritime claims brought in state court.[50] However, Plaintiff contends that every section of the Eastern District of Louisiana that has considered the rationale in *Ryan* has rejected it, including this Court.[51] Plaintiff contends that in *Parish v. BEPCO, L.P.*, this Court recognized the long-established prohibition on removing cases brought in state court pursuant to the saving to suitors clause and "the incongruity of the reasoning in *Ryan*."[52] Quoting the Court in *BEPCO*, Plaintiff asserts that the *Ryan* court's reasoning was based upon the mistaken premise that 28 U.S.C. § 1333 confers original jurisdiction over maritime cases brought at law, as opposed to in admiralty.[53] Again, quoting the Court in *BEPCO*, Plaintiff contends that if state court maritime cases were removable under § 1333, the effect would be tantamount to considering all maritime claims as part of federal question jurisdiction under § 1331, thereby "eviscerating the saving to suitors clause and undermining the holding and policies discussed at length in *Romero* [*v. International Terminal Operating Co.*]."[54] Therefore, Plaintiff contends that remand is appropriate given that Defendants' argument in support of removal are not well founded as they ignore the established legal precedent making saving to suitors claims non-removable.[55]

### D.     *Defendants' Arguments in Further Opposition to Remand*

Defendants assert in their sur-reply that they previously overlooked the Court's decision

---

[50] Rec. Doc. 13 at 1.

[51] *Id.* (citing *Parish v. BEPCO, L.P.*, No. 13-6704, 2015 WL 4097062 (E.D. La. July 7, 2015) (Brown, J.)).

[52] *Id.* at 2 (citing 2015 WL 409706, at *18).

[53] *Id.* (quoting 2015 WL 409706, at *18).

[54] *Id.* (quoting 2015 WL 409706, at *18).

in *BEPCO*, but nevertheless believe that their original position provides valid and adequate counterpoints to this Court's reasoning.[56] Defendants contend that history and tradition, rather than a statute and/or controlling jurisprudence, are the only bases for denying removal under § 1333 at the present time.[57]

In response to the Court's reasoning regarding the distinction between cases brought at law, as opposed to in admiralty, Defendants assert that this distinction was discarded when the Federal Rules of Civil Procedure were merged in 1966, but also when Congress removed the distinction between claims "arising under" the Constitution, laws and treaties of the United States and other claims falling within federal "original jurisdiction" for the purposes of removal.[58] Furthermore, in response to the Court's assertion that maritime claims initiated in state court are, by definition, brought at common law as an "exception" to the original jurisdiction of the federal courts, Defendants contend that the saving to suitors clause is not an exception but rather saves maritime "remedies" to suitors in all courts competent to give them.[59] Lastly, Defendants contend that the result that state court maritime claims would be removable under § 1333 is a result that is "difficult to question" because Congress conspicuously deleted the distinction between claims "arising under" and the broader claims falling within federal

---

[55] *Id.*

[56] Rec. Doc. 17 at 1–2.

[57] *Id.* at 2.

[58] *Id.* at 3.

[59] *Id.*

"original jurisdiction."[60] Furthermore, Defendants assert that the Supreme Court in *Romero* acknowledged that this result would occur, stating that the savings clause does not bar removal of admiralty claims.[61]

## III.  Law and Analysis

### A.    *Legal Standard*

Pursuant to the applicable removal statute, a defendant may remove a state court action only if the action could have originally been filed in federal court.[62] Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand.[63] In short, any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.[64] Motions to remand from a federal district court to a state court are governed by 28 U.S.C. § 1447(c), which provides, in part, that: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[65] The burden of establishing subject matter jurisdiction rests with the party seeking to invoke it.[66]

---

[60] *Id.*

[61] *Id.* at 3–4.

[62] *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants.").

[63] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

[64] *Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (*quoting Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000)).

[65] 28 U.S.C. § 1447(c).

[66] *St. Paul Reinsur. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)).

**B.**      *Analysis*

Defendants argue that they properly removed this case pursuant to the 2011 amendments to the general removal statute.[67] In opposition, Plaintiff contends that the amendments to the removal statute do not apply to maritime claims brought pursuant to 28 U.S.C. § 1333, but only to claims "arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331) . . . )."[68] Plaintiff also seeks costs and expenses, including attorneys' fees, incurred by Plaintiff as a result of the removal.[69] This Court has already held that general maritime claims are not removable absent an independent basis for federal subject matter jurisdiction.[70] Defendants now ask that the Court reconsider its previous decision on this matter.[71] Defendants urge the Court to reconsider its holding on the grounds that: (1) the distinction between claims "at law" and "in admiralty" was discarded when the Federal Rules of Civil Procedure were merged in 1966; (2) the saving to suitors clause is not an exception to the original jurisdiction of the federal courts but rather saves maritime "remedies" to suitors in all courts competent to give them; and (3) that Congress very conspicuously deleted the distinction between "arising under" and claims falling within federal "original jurisdiction" when it amended the removal statute and the Supreme Court in *Romero* stated that the savings clause

---

[67] Rec. Doc. 8 at 3.

[68] Rec. Doc. 13 at 2.

[69] Rec. Doc. 6-1 at 4.

[70] *Parish v. BEPCO, L.P.*, No. 13-6704, 2015 WL 4097062 (E.D. La. July 7, 2015) (Brown, J.).

[71] Rec. Doc. 17 at 2.

does not bar removal of admiralty claims.[72]

### 1.    Remand

Article III of the U.S. Constitution extends the judicial power of the United States to "all Cases of admiralty and maritime Jurisdiction."[73] Congress codified this jurisdictional grant in the Judiciary Act of 1789, which provides:

> That the district courts shall have, exclusively of the courts of the several States . . . exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction . . . within their respective districts as well as upon the high seas; saving to suitors in all cases, the right of a common law remedy, where the common law is competent to give it.[74]

That last sentence, commonly referred to as the saving-to-suitors clause, has been reworded over the years, but "its substance has remained largely unchanged."[75]

Courts have traditionally interpreted the Judiciary Act to create two alternate bases for federal maritime jurisdiction.[76] First, courts have instructed that the Act grants exclusive federal jurisdiction to claims proceeding in admiralty alone, meaning "those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien."[77] If a

---

[72] Rec. Doc. 17 at 4.

[73] U.S. Const., Art. III, § 2.

[74] Ch. 20, § 9, 1 Stat. 73.

[75] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443–44 (2001); *see also* 28 U.S.C. § 1333 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled . . . .").

[76] *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 362–63 (1959).

[77] *Madruga v. Superior Court of State of Cal. in & for San Diego Cty.*, 346 U.S. 556, 560 (1954).

maritime plaintiff sues in state court seeking common-law remedies, however, the case falls within the saving-to-suitors clause's "exception" to exclusive federal jurisdiction.[78] Thus, until the passage of the Judiciary Act of 1875, federal courts could hear common-law maritime claims, or "saving clause cases," only when another source of federal jurisdiction existed.[79] Specifically, courts have historically interpreted the savings clause to require that "[e]xcept in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts."[80]

The Judiciary Act of 1875 extended federal jurisdiction to "all suits of a civil nature at common law or in equity . . . arising under the Constitution or laws of the United States," creating federal question jurisdiction now codified at 28 U.S.C. § 1331. In *Romero v. International Terminal Operating Company*, the United States Supreme Court rejected the argument that saving clause claims fell within "the laws of the United States" for purposes of federal question jurisdiction.[81] In reaching this conclusion, the Court relied on the "long-established and [] deeply rooted" dichotomy between pure admiralty claims, which were cognizable in federal court, and saving clause claims, which were cognizable in federal court only if there was an independent basis for the exercise of federal jurisdiction.[82] The Court

---

[78] *See Romero*, 358 U.S. at 362 (maritime actions seeking common-law remedies fell within the saving-to-suitors clause and were "traditionally administered by common-law courts of the original States"); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 222 (5th Cir. 2013) ("However, admiralty jurisdiction is not present in this suit because Barker filed in state court, therefore invoking the saving-to-suitors exception to original admiralty jurisdiction.").

[79] *Romero*, 358 U.S. at 362 ("Since the original Judiciary Act also endowed the federal courts with diversity jurisdiction, common-law remedies for maritime causes could be enforced by the then Circuit Courts when the proper diversity of parties afforded access.").

[80] *Id.* at 363.

[81] *Id.* at 360.

[82] *Id.* at 372.

14

"uncovered no basis . . . changing the method by which federal courts had administered admiralty law from the beginning," and recognized that to hold otherwise would eliminate "the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal . . . since saving-clause actions would then be freely removable under § 1441 of Title 28."[83]  Since *Romero*, federal courts have continued to hold that saving clause claims cannot be removed from state court unless there is an independent basis for federal jurisdiction.[84]

Defendants contend that Congress' 2011 amendments to the general removal statute, 28 U.S.C. § 1441, eliminates the historical prohibition on removing saving clause cases to federal court.[85] Prior to 2011, § 1441 provided that:

> (a) *Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction *founded on a claim or right arising under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties. Any *other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[86]

Construing this version of the statute, the Fifth Circuit reasoned in *In re Dutile* that general

---

[83] *Id.* at 368, 371–72.

[84] *See, e.g.*, *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 255 (5th Cir. 1961) (holding that *Romero* "made clear that except in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts."); *Bisso Marine Co., Inc. v. Techcrane Intern., LLC*, No. 14-0375, 2014 WL 4489618, at *3 (E.D. La. Sept. 10, 2014) (stating that "[f]or more than 200 years," a maritime action brought in state court was not removable to federal court "based on admiralty jurisdiction alone.").

[85] Rec. Doc. 8 at 3.

maritime claims did not "arise [ ] under the Constitution, treaties or laws of the United States," and accordingly that such claims fell within the category of "[a]ny other such action" under Section 1441(b).[87]  Thus, admiralty and maritime claims could be removed to federal court "only by non-forum defendants and only where there [was] complete diversity of citizenship."[88]  The Fifth Circuit reached this conclusion by "constru[ing] the plain language of § 1441(b), read in conjunction with *Romero*," and stated that "Congress simply has not supplied the district courts with removal jurisdiction of admiralty claims absent diversity."[89]

In the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Congress revised § 1441 as follows:

> (a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship. –
>    (1)   In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>    (2)   A civil action *otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title* may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[90]

---

[86] 28 U.S.C. § 1441 (emphasis added).

[87] *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991).

[88] *Id.* ("The practical effect of these provisions is to prevent the removal of admiralty claims pursuant to § 1441(a) unless there is complete diversity of citizenship (predicated upon out-of-state defendants).").

[89] *Id.*

[90] 28 U.S.C. § 1441 (Supp. 2011).

A comparison of the old and new versions of § 1441 indicates that while subsection (a) remained basically the same, Congress removed the "original jurisdiction" and "other such action" language from subsection (b).

The Fifth Circuit discussed the 2011 amendments in *Barker v. Hercules Offshore Inc.*, which was decided under the previous version of section 1441(b).[91] In *Barker*, the Fifth Circuit stated that "even though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court."[92] Rather, "such lawsuits are exempt from removal by the 'saving-to-suitors' clause . . . and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship."[93] The Fifth Circuit interpreted the current version of § 1441(b) as a "clarification," rather than an amendment, and stated that section 1441(b)'s forum defendant rule applies only in actions removed on the basis of diversity jurisdiction.[94] The Court, relying on *Dutile*, further noted that "cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 may [still] require complete diversity prior to removal."[95]

Notwithstanding the Fifth Circuit's reliance on *Dutile* in *Barker*, several district courts have held that the 2011 amendment rendered saving clause claims freely removable under 28

---

[91] *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013).

[92] *Id.* at 219.

[93] *Id.* (internal citation omitted).

[94] *Id.* at 223 (citing H.R.Rep. No. 112–10 "explaining that the updated version is a clarification, as opposed to an amendment, of the original statute").

[95] *Id.* (citing *Dutile*, 935 F.2d at 63).

U.S.C. § 1441.[96] For example, in *Ryan v. Hercules Offshore, Inc.*, a district court in the Southern District of Texas dismissed *Barker*'s discussion of the new subsection (b) as dicta, and found that section 1441(a)'s reference to the federal court's "original jurisdiction" means that saving clause claims initially filed in state court are now removable, since such cases fall within a federal court's original jurisdiction under 28 U.S.C. § 1333.[97]

This Court is not persuaded by the *Ryan* court's reasoning, which overlooks the long history of maritime removal jurisdiction. First, the prohibition on removing saving clause cases absent an independent ground for federal jurisdiction is a historic rule grounded in both tradition and principles of federalism.[98] If Congress had intended to open federal courts to a new class of cases that had been historically excluded, "we can hardly suppose that it would have failed to use some appropriate language to express that intention."[99] To hold otherwise "would disrupt traditional maritime policies and quite gratuitously disturb a complementary, historic interacting federal-state relationship."[100] Accordingly, given the absence of clear indication that Congress intended to disrupt the "long-established and [] deeply rooted" prohibition on removing saving clause cases from state court, and considering the Fifth Circuit's characterization in *Barker* of the

---

[96] *See Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, No. H-14-1147, 2014 WL 2739309, *2 (S.D. Tex. June 17, 2014) (Atlas, J), remanded on other grounds on reconsideration, 2014 WL 4167807 (S.D. Tex. Aug. 20, 2014); *Provost v. Offshore Service Vessels, LLC*, No. 14-89-SDD-SCR, 2014 WL 2515412, *3 (M.D. La. June 4, 2014) (Dick, J); *Carrigan v. M/V AMC AMBASSADOR*, No. H-13-03208, 2014 WL 358353, *2 (S.D. Tex. Jan. 31, 2014) (Werlein, J); *Bridges v. Phillips 66 Co.*, No. 13-477-JJB-SCR, 2013 WL 6092803, *5 (M.D. La. Nov. 19, 2013) (Brady, J); *Wells v. Abe's Boat Rentals Inc.*, No. H-13-1112, 2013 WL 3110322, *3 (S.D. Tex. June 18, 2013) (Rosenthal, J).

[97] *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013).

[98] *See Romero*, 358 U.S. at 372.

[99] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941).

[100] *Romero*, 358 U.S. at 375.

2011 amendments as a "clarification" of the provisions in the removal statute, the Court is not persuaded that saving clause claims are now freely removable.

Moreover, the *Ryan* court's reasoning is based on the mistaken premise that 28 U.S.C. § 1333 confers original jurisdiction over maritime cases brought at law, as opposed to in admiralty. As stated above, maritime claims initiated in state court are, by definition, brought at common law under the saving to suitors clause as an "exception" to the original jurisdiction of the federal courts.[101] Federal courts have original jurisdiction over maritime claims brought at admiralty under 28 U.S.C. § 1333, but they do not have removal jurisdiction over maritime cases which are brought at common-law in state court.[102] If state court maritime cases were removable under § 1333, the effect would be tantamount to considering all maritime law claims as part of federal question jurisdiction under § 1331, eviscerating the saving to suitors clause and undermining the holding and policies discussed at length in *Romero*.

This Court in *Parish v. BEPCO, L.P.* joined the majority position held by every other section of this Court, holding that general maritime law claims are not removable under § 1333 as part of the original jurisdiction of the court absent an independent basis of federal jurisdiction.[103] Although Defendants urge the Court to reconsider its prior holding in *Parish*,

---

[101] *See Romero*, 358 U.S. at 362; *Barker*, 713 F.3d at 222.

[102] *Barker*, 713 F.3d at 219. *See also Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996) ("Tennessee Gas's maritime claim is not removable under the first sentence of 28 U.S.C. § 1441(b) by falling within the admiralty jurisdiction of the federal courts.").

[103] No. 13-6704, 2015 WL 4097062 (E.D. La. July 7, 2015) (Brown, J.). *See* Wright and Miller, 14A Fed. Prac. & Proc. § 3674 (4th ed.) ("Several district courts that have considered the issue since have followed the reasoning of the *Ryan* court, but a majority have proffered reasons why admiralty jurisdiction does not independently support removal."). *See also Yavorsky v. Felice Navigation, Inc.*, 2014 WL 5811699, *5 (E.D. La. Nov. 7, 2014) (Lemmon, J); *Henry J. Ellender Heirs, LLC v. Exxon Mobil Corp.*, 42 F. Supp. 2d 812, 2014 WL 4231186, *6 (E.D. La. Aug. 26, 2014) (Fallon, J); *Bisso Marine Co., Inc. v. Techcrane Intern., LLC*, 2014 WL

having addressed Defendants' arguments, the Court finds no reason to reconsider its holding.

### 2.    Attorneys' Fees and Costs

Pursuant to 28 U.S.C. § 1447(c),  "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney's fees under Section 1447(c) is in the sound discretion of the Court, and should:

> [R]ecognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.[104]

Toward that end, the "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[105] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."[106]

The Court has found Defendants' arguments in support of removal unavailing. However, a party's mere advancement of unsuccessful arguments in support of removal does not warrant the imposition of attorney's fees.[107] Plaintiff makes no argument that Defendants lacked an

---

4489618, *4 (E.D. La. Sep. 10, 2014) (Feldman, J); *Riley v. Llog Exploration Co. LLC*, 2014 WL 4345002, *3 (E.D. La. Aug. 28, 2014) (Milazzo, J);  *Gregoire v. Enter. Marine Servs., LLC*, No. 14-840, 2014 WL 3866589, at *3 (E.D. La. Aug. 6, 2014) (Duval, J.); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, 2014 WL 3796150, *2 (E.D. La. July 29, 2014) (Berrigan, J); *Perrier v. Shell Oil Co.*, 2014 WL 2155258, *3 (E.D. La. May 22, 2014) (Zainey, J).

[104] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

[105] *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (citations omitted).

[106] *Id.* at 542 (citations omitted).

[107] *Id.*

objectively reasonable basis to remove this action, or that they removed this action in order to "prolong[] litigation and impos[e] costs."[108] Therefore, although the Court will remand the instant action to state court, it will not award attorneys' fees here.

## V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[109] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS ORDERED** that this case is **REMANDED** to the Civil District Court for the Parish of Orleans.

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of all costs and expenses, including attorneys' fees, incurred by Plaintiff as a result of removal is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __11th__ day of April, 2016.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**

---

[108] *Martin*, 546 U.S. at 141.

[109] Rec. Doc. 6.

21